

**IT IS ORDERED as set forth below:**

Date: February 21, 2023

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | **CASE NO. 17-67255-pmb** |
| | : | |
| VERONICA SHALEEM WILLIAMS | : | CHAPTER 13 |
| | : | |
| Debtor, | : | JUDGE PAUL BAISIER |
| | : | |
| U.S. BANK NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS LEGAL TITLE TRUSTEE FOR RMTP TRUST, SERIES 2021 BKM-TT-V | : | |
| | : | |
| Movant, | : | |
| | : | |
| V. | : | CONTESTED MATTER |
| | : | |
| VERONICA SHALEEM WILLIAMS | : | |
| | : | |
| Debtor, | : | |
| | : | |
| MELISSA J. DAVEY, | : | |
| | : | |
| Trustee. | : | |

**ORDER DENYING MOVANT'S DEFAULT
<u>MOTION FOR RELIEF FROM AUTOMATIC STAY</u>**

This matter is before the Court on the above-named Movant's *Default Motion Seeking Order for Relief from Automatic Stay* (Docket No. 103)(the "Default Motion"), filed on January 23, 2023.  In the Default Motion, Movant avers that the above-named Debtor is delinquent under the terms of the *Consent Order* that was entered on August 23, 2018 (Docket No. 43)(the "Consent Order").  Based on the alleged default, Movant now request an order granting relief from the automatic stay of 11 U.S.C. § 362(a) as to permit Movant to enforce its alleged security interest against Debtor's property known as 5504 Wind River Lane, Powder Springs, GA 30127 (the "Property").

Under the terms of the Consent Order, Debtor agreed to make certain payments to Movant to cure the arrearage and remain current on its monthly mortgage payments.  If Debtor failed to make the payments as instructed, Movant was then permitted under the terms of the Consent Order to send Debtor a delinquency notice followed by filing a default motion for relief if such delinquency was not timely cured.  Such terms were to be strictly complied with for twelve (12) months following entry of the Consent Order.  *See* Consent Order, p. 5.  Thus the terms, described above, were only in effect until August 23, 2019.  Movant did not file the Default Motion until January 23, 2023 and such default alleged therein did not even occur until December 19, 2019.  Therefore, Movant is not permitted to rely on the Consent Order as a basis for modifying or lifting the automatic stay as to the Property.

Based upon the foregoing and for the reasons set forth herein, it is hereby

**ORDERED** that the Default Motion is **DENIED**.

The Clerk is directed to serve this Order upon Movant, counsel for Movant, Debtor, counsel for Debtor, and the Chapter 13 Trustee.

**[END OF DOCUMENT]**